CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Sara Gunderson., SBN 302582
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
sarag@potterhandy.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case:** 2:18-CV-00346-JFW-PLA |
| Plaintiff, | **Joint Statement re L.R. 7-3 for Cross Motions for Summary Judgment** |
| v. | |
| **Iraj V. Kashani**; **Simin Kashani**; **Westchester Mobil Inc**., a California Corporation; | Date: October 15, 2018<br>Time: 1:30 p.m.<br>Ctrm: 7A-7th Floor |
| Defendants. | Hon. Judge John F. Walter |

Plaintiff's counsel, Sara Gunderson, and Defense Counsel, Ara Sahelian, met and conferred on August 31, 2018 and again on September 10, 2018 regarding cross motions for summary judgment to be filed September 17, 2018.

<u>August 31, 2018 Meet & Confer.</u>

During this conference, Ms. Gunderson and Mr. Sahelian spoke for roughly forty minutes discussing the case and their possible cross motions.

<u>Plaintiff's Contentions</u>:

- The counter and point of sale machine were not to code on the date of Plaintiff's visit.
- The retractable point of sale machine was not made available to Plaintiff;
- The only point of sale machine Plaintiff saw was atop the higher countertop, separated from the cashier by safety glass.
- The business has no policy or procedure regarding offering the retractable point of sale machine to persons with disabilities; and
- Defendant's Convenience Store did not follow ADA guidelines or standards.

<u>Plaintiff's Relief</u>

- Injunctive relief;
- That policies and procedures be enacted to ensure the lowered counter and Point of Sale machine remain available and useable by persons with disabilities.
- A single statutory penalty of $4,000 under the Unruh Civil Rights Act.

Defendants' Contentions:

- There was a point-of-sale machine, which was retractable, and which was available for the plaintiff;
- There was a lowered sales counter also available for the plaintiff, positioned below a retractable transparent bulletproof window.
- This sales counter was no more than 34 inches high; 36 inches wide, with sufficient depth to handle all of plaintiff's needs in terms of the three items that he purchased on that day.
- Defendants will argue that the lower counter was to code; that the retractable transaction machine was also to code and was made available to plaintiff, but that plaintiff elected to pay with cash.
- Additionally, defendants will argue that the existing lower counter, as set up, also provides the attendant with protection against robberies as it has a stainless steel shield. Mr. Kashani, the owner, will declare that he has previously been shot by robbers, and he is conscious of protection, and for that reason he requires the additional shield above the lower counter.
- Finally, plaintiff's testimony reveals that he suffered no difficulty / discomfort during his time at the convenience store; he testified that he was content, in fact very happy, with the services, and that he not once complained.

During this August 31, 2018 conference, Mr. Sahelian told Ms. Gunderson that defense would be utilizing excerpts of Mr. Whitaker's deposition to impugn him. Ms. Gunderson had not yet read the

1  transcript. The counselors agreed to finish the meet and confer at a later
2  date, after Ms. Gunderson read the deposition transcript.
3
4  <u>September 10, 2018 Meet & Confer.</u>
5  Ms. Gunderson and Mr. Sahelian spoke for roughly twenty minutes the
6  morning of September 10, 2018. Ms. Gunderson asked Mr. Sahelian
7  which aspects of the deposition transcript did he feel would be damning
8  to the plaintiff.
9
10 Mr. Sahelian indicated that the plaintiff acknowledged the existence of
11 the lower transaction counter and never asked to use it; that he expressed
12 his wish to transact in cash and was perfectly content with the attendant
13 personally delivering the change.
14
15 Ms. Gunderson countered that the plaintiff said he saw a lowered shelf
16 or ledge, but that he did not think it was a lowered transaction counter
17 because it was crowded with merchandise. Thus, it did not appear to
18 plaintiff to be a place where anyone would transact business. Mr.
19 Sahelian countered that there is no code that says the
20 merchandise cannot crowd the counter, as it can be moved.
21
22 Mr. Sahelian asked that Ms. Gunderson provide a specific code section
23 or any other authority that requires the lower counter be kept entirely
24 free of any removable clutter, clutter that does not equally exist on a
25 counter for able-bodied patrons. Ms. Gunderson said that she was away
26 from her desk, and could not quote relevant authority at the moment, but
27 would be happy to provide that later in the day once she had access to
28 the relevant statutory authority: 1991 Standards § 7.2, § 7.2(1); 2010

Standards 904, 904.1, 904.4.1, and 904.4.2; See also 2016 CBC 11B-904.4.1; 2013 CBC 11B-904.4.1. Mr. Sahelian countered that there is no code section of which he is aware that says the movable objects cannot crowd a lower counter.

Mr. Sahelian stated that Plaintiff has not come forward with authority as to why a lower counter must be completely free of movable objects, particularly if the non-lowered counter has an equal number of movable objects placed on it.

Finally, Mr. Sahelian stated that plaintiff can only argue what is in the complaint and that items on counters were not pled. The allegation is new. Defendants were not placed on notice of these new allegations in the pleadings. Accordingly, Defendants will move to bar the introduction of any such evidence.

Mr. Sahelian cautioned that plaintiff's suit is frivolous, and that the defendants would be seeking reciprocal attorney's fees, as plaintiff seems to be intent on fabricating evidence.

Dated this 11th day of September, 2018:

                              CENTER FOR DISABILITY ACCESS

                              By: /s/ *Sara N. Gunderson*
                              Sara Nicole Gunderson
                              Attorneys for Plaintiff

Dated this 11th day of September, 2018:

                SAHELIAN LAW OFFICES

                By: /s/ *Ara Sahelian*
                Ara Sahelian
                Attorney for Defendants